IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50838
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVENSTON HALL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-6-ALL
- - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Levenston Hall, federal prisoner # 82299-080, appeals the
district court's denial of a postconviction motion that he
characterized as a "Notice of Ex Parte Petition: Ex Parte
Petition Re: Fraud on the Court; Request for Summary Judgment."
Hall's motion was filed in the district court as part of the
criminal proceeding that resulted in his conviction for
possession of cocaine base with intent to distribute.  On appeal,
Hall argues that (1) the district court erred when it failed to
observe that the Fourth Amendment requires a warrantless search

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be based on probable cause; (2) the district court erred by not suppressing the fruits of an illegal search and by imposing a two-level increase for Hall's role as a leader or organizer; and (3) the prosecutor misled the jury with false statements and misconduct. He does not brief any of the issues raised in his original postconviction motion. As such, these issues are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In a separate motion, Hall insists that his postconviction motion should be construed as a motion to arrest judgment. However, a Fed. R. Crim. P. 34 motion to arrest judgment must be filed within seven days after the verdict or within such further time as the court may fix during the seven-day period. Hall did not file his ex parte motion until almost nine months after the verdict, and the district court did not grant leave for a Rule 34 motion to be filed at a later date. As such, the district court was without jurisdiction to entertain Hall's postconviction motion. *See Massicot v. United States*, 254 F.2d 58, 61 (5th Cir. 1958). Accordingly, the district court's denial of Hall's postconviction motion is AFFIRMED. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981)(this court may affirm on grounds different from those employed by the district court). His motion on appeal is DENIED.